STEVEN G. KALAR
Federal Public Defender
JODI LINKER
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:   415.436.7700
Facsimile:    415.436.7706
Jodi_Linker@fd.org

Counsel for Defendant ACOSTA-VALLE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILSON FRANCISCO ACOSTA-VALLE,<br><br>Defendant. | Case No. CR 19-0560 VC<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>Date:   March 2, 2020<br>Time:   2:00 p.m.<br>Court:  Hon. Vince Chhabria |

# INTRODUCTION

As recommended in the Presentence Report, a sentence of time-served is reasonable and appropriate given Wilson Acosta-Valle's personal circumstances and offense conduct. Mr. Acosta-Valle left a dangerous gang-ridden country having personally suffered abject poverty. He came in the hope of making money to send back to his family. He did just that without issue until he was drawn to the increased money he could obtain as a low-level drug dealer. He was originally charged in the state and then charged federally for two low-level crack sales in the Tenderloin. In consideration of all of the factors under 18 U.S.C. § 3553(a), he requests that the Court sentence him to time-served, which is approximately four and a half months.

# DISCUSSION

The Presentence Report concludes that Mr. Acosta-Valle's final adjusted offense level is 10 and criminal history category is II, resulting in a range of 8-14 months under the advisory guidelines. This range falls into Zone B of the Sentencing Table; thus, given that he has already served over a month in custody, a sentence of home confinement or home detention is a "guideline sentence" even before consideration of a variance. U.S.S.G. § 5C1.1(c).

A variance is certainly warranted in this case. While no one's background can be used as an excuse for the commission of a crime, it is important for the Court to consider Mr. Acosta-Valle's life circumstances leading to his arrest. As is reflected in the PSR, Mr. Acosta-Valle's life has been marred by poverty. While Mr. Acosta-Valle refers to his childhood as "normal," it did not resemble anything that we are familiar with or would consider remotely "normal." Mr. Acosta-Valle was born in Tegucigalpa, but was raised in an incredibly impoverished rural area of Honduras. His father was a farmworker who at the end of the day would go out drinking every evening with his friends and leave the family at home. He shared a bedroom with his four siblings. When he was around 13 or 14 years old, he was forced to drop out of school so that he too could start working in the fields to help support his family. For his work, he earned $5 per day.

When he was approximately 18 years old, he made the journey north on his own to try to secure better opportunities. Having no money and no connections, his only way to get across the border, was by agreeing to carry marijuana for someone in exchange for assistance crossing the border. It didn't work.

He was caught at the border and convicted of misdemeanor possession of marijuana, his one and only prior criminal conviction.

Later he was able to successfully cross the border and worked for several years as a day laborer. He stayed out of trouble and was able to send money back to his family. Unfortunately, however, he was recently lured by the draw of more money into being a low-level drug dealer. His earnings allowed him to send $100-150 *per week* to his family—money absolutely unheard of in Honduras. That, he now fully understands, comes at an even steeper price: his freedom. He understands that what he did was wrong, feels horrible about what he has done, and looks forward to returning to his family in Honduras. Declaration of Jodi Linker in Support of Defendant's Sentencing Memorandum, Ex. A, Letter from Mr. Acosta-Valle to the Court.

While selling drugs is undoubtedly wrong, Mr. Acosta-Valle is quite literally the lowest person in the operation. Nonetheless, with only one prior misdemeanor on his record, he has a federal felony conviction, has served over four and a half months in custody and will be deported from the United States to return to earning $5 per day in Honduras. The consequences he has and will face are enough. The seriousness of the offense does not warrant any additional time in custody.

As noted above, under Zone B of the guidelines, which is where Mr. Acosta-Valle's range falls, the guidelines permit a sentence of either halfway house or home confinement if at least one month has been served in custody. Accordingly, it would be "guideline sentence" to sentence Mr. Acosta-Valle to such alternatives to incarceration. Unfortunately, however, because of his immigration status, he is not eligible for those same and appropriate alternatives that similarly situated defendants would get. While the government often argues to the Court that it should not consider an individual's deportation to give them a lower sentence, here, Mr. Acosta-Valle is already getting a much higher sentence. A similarly situated defendant would likely be released on bail already and/or would only be required to serve the one month in custody, and be able to serve the remaining 7 months or so at a halfway house or home conferment. Mr. Acosta-Valle has already been punished more harshly: he has already served approximately four and a half months in custody for his offense.

Moreover, additional time in custody will not provide any further deterrence. As the Court is no doubt well aware, the available data does not support the conclusion that longer sentences promote

general deterrence; rather, it is the certainty of an arrest and detention, which has already happened in this case.

Additionally, Mr. Acosta-Valle moved this case as quickly as possible. He did not file any motions or attempt to delay. Instead, he sought to get to sentencing as quickly as possible and pleaded guilty at his second appearance before this Court. Despite his efforts to move things as quickly as possible, has already served a significant period in custody.

Finally, Mr. Acosta-Valle will be placed on supervision for three years after he is released from custody. Of course, this supervision is meaningless as long as Mr. Acosta-Valle remains out of the country after his certain removal from the United States. However, the government seems largely concerned with Mr. Acosta-Valle returning to the country unlawfully after his deportation. As the three year term of supervised release would heighten his potential sentence should he return to the United States, as well as lower the government's burden to prove any such violation, that is an additional consequence that should be considered by the Court.

## **CONCLUSION**

Mr. Acosta-Valle stands before the Court with an adult federal felony conviction and certain deportation for a low-level drug sale. A sentence of time-served is sufficient, but not greater than necessary, to achieve the goals of sentencing.

Dated: February 25, 2020                                Respectfully submitted,

                                                        __/S_____
                                                        JODI LINKER
                                                        Assistant Federal Public Defender